## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **Pixel Display LLC,** | |
| Plaintiff, | **Case No.  6:20-cv-817** |
| v. | |
| **TCL Corp.,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pixel Display LLC ("Pixel Display" or "Plaintiff") files this Complaint for patent infringement against Defendant TCL Corp. ("TCL" or "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 7,245,343 (the "'343 Patent").

### PARTIES

2.      Pixel Display is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business 106 E Sixth Street, Suite 900, Austin, Texas 78701.

3.      On information and belief, TCL is a corporation organized under the laws of the People's Republic of China, with its principal place of business located at No. 26, the Third Road,

Zhongkai Avenue, Huizhou City, Guandong, P.R. China 516006. TCL Corp. does business in the State of Texas and in the Western District of Texas.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United Sates, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Defendant is subject to personal jurisdiction of this Court on the basis that Defendant has conducted business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States. Defendant has purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendant regularly sells (either directly or indirectly), their products within this district. For example, Defendant has placed and/or continues to place infringing products into the stream of commerce via an established distribution channel with the knowledge or understanding that such products are being and will continue to be sold in this Judicial District and the State of Texas. Defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial and pervasive business in this State and judicial district, including at least part of their infringing activities alleged herein and deriving substantial revenue from goods sold to Texas residents.

6.      Venue is proper in this District under 28 U.S.C. § 1391, 28 U.S.C. § 1400, and *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706 (1972). There is no clearly more convenient venue.

2

7.      Upon information and belief, TCL Corp. has significant ties to, and presence in, the State of Texas and the Western District of Texas, making venue in this judicial district both proper and convenient for this action.

## COUNT I
## (Infringement of U.S. Patent No. 7,245,343)

8.      Pixel Display incorporates paragraphs 1 through 7 as though fully set forth herein.

9.      Plaintiff is the owner, by assignment, of U.S. Patent No. 7,245,343 (the "'343 Patent"), entitled LIQUID CRYSTAL DISPLAY DEVICE, which issued on July 17, 2007. A copy of the '343 Patent is attached as Exhibit A.

10.     The '343 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '343 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, engaging in the manufacturing and/or having manufactured, selling and/or offering to sell within the United States, using in the United States, and/or importing into the United States LCD panels containing functionality covered by one or more claims of the '343 Patent. Defendant in directly infringing, literally infringing, and/or infringing the '343 Patent under the doctrine of equivalents.

12.     The Accused Instrumentality infringes claim 1 of the '343 Patent as it is a liquid crystal display device, comprising: a first substrate on which a plurality of pixel electrodes are formed, said plurality of pixel electrodes comprising a symmetrical shape; a second substrate on which an opposing electrode is formed; a liquid crystal layer sandwiched between said first and

second substrates, said second substrate further having thereon a plurality of protrusions, each of said protrusions being positioned at a central portion of a corresponding one of said pixel electrodes and elongated toward the first substrate; and an alignment layer formed between said plurality of protrusions and said first substrate, wherein said plurality of protrusions comprises a rod-shaped spacer extending between said first and second substrates.

13.     Regarding Claim 1, the Accused Instrumentality is a liquid display device.



14.     The Accused Instrumentality includes a first substrate (e.g. TFT Filter Substrate).

Cross section of display:



15.    The first substrate includes a plurality of pixel electrodes formed in a symmetrical

shape. Surface view of first substrate:



16.    The Accused instrumentality includes a second substrate (e.g. Color Filter

Substrate). Cross section of display:



17.    The second substrate includes a plurality of electrodes, which oppose the first electrodes. Surface view of the second substrate:

6



18.    Overlay of first and second substrates to show alignment of pixel electrodes and

opposing electrodes:



19.    The Accused instrumentality includes a liquid crystal layer sandwiched between the first and second substrates.



20.   The second substrate includes a plurality of protrusions.



21.     The protrusions are positioned at a centralized location between the corresponding pixel electrodes.



22.     The protrusions are elongated toward the first substrate. Angled view of the second substrate showing the protrusions extending from the surface which faces the first substrate when the Accused instrumentality is assembled:



23.     The Accused instrumentality includes an alignment layer formed between the protrusions and the first substrate.



24.     The plurality of protrusions comprise rod shaped spacers which extend between the first and second substrates.



25.     Pixel Display has been damaged by Defendant's infringing activities.

**JURY DEMAND**

Pixel Display hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

Pixel Display requests that the Court find in its favor and against Defendant, and that the Court grant Pixel Display the following relief:

a.      Judgment that one or more claims of the '343 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.      Judgment that Defendant accounts for and pay to Pixel Display all damages and costs incurred by Pixel Display, caused by Defendant's infringing activities and other conduct complained of herein;

c.      That Pixel Display be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d.      That this Court declare this an exceptional case and award Pixel Display reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e.      That Pixel Display be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED September 4, 2020.

Respectfully submitted,

By: */s/ Neal G. Massand*
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**
**PIXEL DISPLAY LLC**

14